Priority —
Send —
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —

FILED
CLERK, U.S. DISTRICT COURT
JUL 18 2005
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

ORIGINAL

ENTERED
CLERK, U.S. DISTRICT COURT
JUL 20 2005
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN CHEESMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | Case No. EDCV 04-0208-RC<br><br>OPINION AND ORDER<br><br>THIS CONSTITUTES NOTICE OF ENTRY<br>AS REQUIRED BY FRCP, RULE 77(d). |

    Plaintiff Kathleen Cheesman filed a complaint on March 9, 2004, seeking review of the Commissioner's decision denying her application for disability benefits. The Commissioner answered the complaint on September 16, 2004, and the parties filed a joint stipulation on January 11, 2005.

## BACKGROUND

    On May 8, 1998, plaintiff applied for disability benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423, claiming an inability to work since October 28, 1996, due to neck and back injuries, overuse syndrome in both hands, and degenerative

Case 5:04-cv-00208-RC Document 19 Filed 07/18/05 Page 2 of 14 Page ID #:17

arthritis. Certified Administrative Record ("A.R.") 87-89, 97. The plaintiff's application was initially denied on June 16, 1998, and was again denied on November 5, 1998, following reconsideration. A.R. 69-78. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge F. Keith Varni ("the ALJ") on May 7, 1999. A.R. 31-66, 79-80. On June 24, 1999, the ALJ issued a decision finding plaintiff is not disabled. A.R. 18-30. The plaintiff appealed this decision to the Appeals Council, which denied review on October 12, 2001. A.R. 5-16.

On December 18, 2001, plaintiff filed a complaint, seeking review of the Commissioner's decision denying her disability benefits, which pursuant to the stipulation of the parties was remanded to the Commissioner for further proceedings, and Judgment was entered on April 25, 2002. Cheesman v. Barnhart, EDCV 01-1016-RC ("Cheesman I");[1] A.R. 322-28. On September 18, 2002, the Appeals Council remanded the matter to the ALJ, who held another administrative hearing on August 27 and November 4, 2003. A.R. 329-30, 670-705. On December 6, 2003, the ALJ issued a decision again determining plaintiff is not disabled. A.R. 280-89.

## DISCUSSION

### I

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability

---

[1] Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the docket sheet and related documents in Cheesman I.

2

benefits to determine if her findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching her decision. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Burch v. Barnhart, 400 F.3d 676, 678 (9th Cir. 2005) (citation omitted); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996). In this case, since plaintiff's disability insured status expired on December 31, 2001, A.R. 287, she must prove she was either permanently disabled or subject to a condition which became so severe as to disable her prior to that date. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998); Armstrong v. Comm'r of the Soc. Sec. Admin., 160 F.3d 587, 589 (9th Cir. 1998).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed by the ALJ in a disability case. 20 C.F.R. § 404.1520. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in

substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. § 404.1520(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. § 404.1520(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity ("RFC") despite the impairment or various limitations to perform her past work. 20 C.F.R. § 404.1520(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(g).

Applying the five-step sequential evaluation process, the ALJ found in Step One that plaintiff "asserted that she had not engaged in substantial gainful activity since October 28, 1996." The ALJ then found in Step Two that plaintiff has a severe musculoskeletal impairment; however, she does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ determined in Step Four that plaintiff cannot perform her past relevant work. Finally, the ALJ concluded in Step Five that plaintiff can perform a significant number of jobs in the national economy; therefore, she is not disabled.

//
//

II

At Step Five, the burden shifts to the ALJ to show the claimant can perform other jobs that exist in the national economy. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001); Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). To meet this burden, the ALJ "must 'identify specific jobs existing in substantial numbers in the national economy that [plaintiff] can perform despite her identified limitations.'" Meanel, 172 F.3d at 1114 (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). There are two ways for the ALJ to meet this burden: "(1) by the testimony of a vocational expert, or (2) by reference to the Medical Vocational Guidelines ["Grids"] at 20 C.F.R. pt. 404, subpt. P, app. 2."[2] Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). However, the ALJ cannot rely on the Grids when the claimant suffers from nonexertional limitations; rather, he must obtain a vocational expert's testimony. Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002); Osenbrock, 240 F.3d at 1162.

//
//

---

[2] The Grids are guidelines setting forth "the types and number of jobs that exist in the national economy for different kinds of claimants. Each rule defines a vocational profile and determines whether sufficient work exists in the national economy. These rules represent the [Commissioner's] determination, arrived at by taking administrative notice of relevant information, that a given number of unskilled jobs exist in the national economy that can be performed by persons with each level of residual functional capacity." Chavez v. Dep't of Health & Human Servs., 103 F.3d 849, 851 (9th Cir. 1996) (citations omitted).

Furthermore, hypothetical questions posed to a vocational expert must consider all the claimant's limitations, Thomas, 278 F.3d at 956; Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001), and "[t]he ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record." Tackett, 180 F.3d at 1101. "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (quoting Delorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991)); Lewis, 236 F.3d at 517.

Here, the ALJ found that, as of her date last insured, plaintiff, who was born on September 25, 1954, A.R. 35, 87, is a younger individual[3] with a limited tenth-grade education, A.R. 101, past relevant work as a liquor store clerk and video clerk, A.R. 101, 104-09, and who has the residual functional capacity ("RFC")[4] to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and walk two hours during an eight-hour period, sit six out of eight hours, with no climbing of ladders or scaffolds and occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and

---

[3] A younger individual is an individual under the age of 50. 20 C.F.R. § 404.1563(c).

[4] A claimant's RFC is what she can still do despite her physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

stairs.  [She] [i]s precluded from exposure to extreme cold,
and should avoid concentrated exposure to hazards such as
moving machinery and heights.  [Plaintiff] [i]s also
precluded from frequent manipulation of the left wrist and
hand, but [i]s capable of occasional manipulation of the
left wrist and hand.

A.R. 288.[5]  Based on these vocational characteristics, and the testimony of vocational expert Joseph M. Mooney, the ALJ determined plaintiff is not disabled since she is able to perform a significant number of jobs in the national economy, including semi-skilled work as an order clerk and order taker[6] and unskilled work as a cashier, ticket taker, and counter clerk.  Id.  However, plaintiff contends the ALJ's determination is not supported by substantial evidence because the vocational expert misidentified semi-skilled and unskilled work.  Plaintiff is correct.

   A.   Semi-Skilled Work:
     The vocational expert testified plaintiff cannot perform her past relevant work as a video store clerk or liquor store clerk, which he
//

---

   [5] Since plaintiff does not contest the ALJ's RFC determination, the Court will not discuss the many medical records contained in the administrative record.

   [6] The Dictionary of Occupational Titles ("DOT") is the Commissioner's primary source of reliable information.  Johnson, 60 F.3d at 1434 n.1; Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990).  The vocational expert testified that the positions of order taker and order clerk are the same position, which is classified as DOT no. 249.362-026.  A.R. 698-99.

classifies as light[7] and semi-skilled work[8] requiring the specific vocational preparation ("SVP") of 4.[9] However, those skills[10] learned

---

[7] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

[8] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties. . . . [It involves] activities which are . . . less complex than skilled work, but more complex than unskilled work." 20 C.F.R. § 404.1568(b).

[9] One feature of the DOT is that it assigns to each job a number that reflects its SVP time, i.e., how long it generally takes to learn the job. Terry, 903 F.2d at 1276; see also U.S. Dep't of Labor, Dictionary of Occupational Titles, App. C 1009 (4th ed. 1991) (defining SVP as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job worker situation"). An SVP of 4 means it will take the typical worker "[o]ver 3 months" and "up to and including 6 months" to learn the position. Id. An SVP of 3 or 4 corresponds to semi-skilled work. SSR 00-4p, 2000 WL 1898704, *3 (S.S.A.).

[10] A skill is:

> knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery. A skill gives a person a special advantage over unskilled

in past relevant work are transferable to other positions, and in plaintiff's case, her skills may be transferable to other "clerical-oriented positions," including an order clerk.[11]  A.R. 697-98.  Based on this testimony, the ALJ concluded plaintiff can "perform semi-skilled work as [an] order clerk and order taker with minimal vocational adjustment. . . ."  A.R. 288.  However, plaintiff contends the ALJ's conclusion is not supported by substantial evidence because the vocational expert did not identify any specific transferable work skills plaintiff possesses.

"An ALJ can find a claimant's acquired skills are transferable to other jobs 'when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work.  This depends largely on the similarity of occupationally significant work activities among different jobs.'"  Vertigan v. Halter, 260 F.3d 1044, 1052 (9th Cir. 2001) (quoting 20 C.F.R. § 404.1568(d)(1)).  "With respect to the transferability of semi-skilled work, the Commissioner has cautioned ALJs to pay 'close attention . . . to the actual complexities of the job in dealing with data, people, or objects and to the judgments required to do the work,' because '[e]ven though semiskilled occupations require more than 30 days to learn, the content of work activities in some semiskilled jobs

---

workers in the labor market.

S.S.R. 82-41, 1982 WL 31389 at *2.

[11] The Dictionary of Occupational Titles classifies an order clerk (DOT no. 249.362-026) as sedentary work with an SVP of 4.  Dictionary of Occupational Titles at 217.

may be little more than unskilled.' In other words, jobs at the lower level of semi-skilled work may not produce any transferable skills." Id. (quoting S.S.R. 82-41, 1982 WL 31389, *2 (S.S.A.)).

Here, although the vocational expert testified plaintiff's past relevant work was light and semi-skilled with an SVP of 4, neither he nor the ALJ described "the actual complexity of the job[s]" plaintiff previously performed. Vertigan, 260 F.3d at 1052; S.S.R. 82-41, 1982 WL 31389 at *2. Indeed, the vocational expert failed to describe in any detail the requirements of plaintiff's past relevant work. A.R. 697-99. Nor did the vocational expert or ALJ identify the specific DOT number of plaintiff's past relevant work, describing it as "in the 200 series and light. . . ." A.R. 698-99.[12] Moreover, the vocational expert did not identify any specific skills plaintiff had learned that are transferable to other occupations. A.R. 697; see Dikeman v. Halter, 245 F.3d 1182, 1185 (10th Cir. 2001) ("When an ALJ makes a finding that a claimant has transferable skills, he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable."); Pyles v. Bowen, 849 F.2d 846, 848-49 (4th Cir. 1988) (per curiam) (no substantial evidence to support ALJ's conclusion regarding transferable skills when no evidence detailing specific skills claimant acquired); S.S.R. 82-41, 1982 WL 31389 at *7 ("When a finding is made that a claimant

---

[12] Although the vocational expert was unable to identify the appropriate DOT number for plaintiff's past relevant work, the DOT classifies a retail sales clerk, including a liquor store clerk, DOT no. 290.477-014, as light work with an SVP of 3. Dictionary of Occupational Titles, at 231. An SVP of 3 requires "[o]ver one month [and] up to and including three months" to learn the job. Id., App. C at 1009.

has transferable skills, the acquired skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the . . . ALJ's decision.").[13]

Further, neither the ALJ nor the vocational expert explained how any (unidentified) skill plaintiff might have learned in her past relevant work was transferable to the order clerk job, which has a higher SVP than the past relevant work. Terry, 903 F.2d at 1278-79; see also 20 C.F.R. § 404.1568(d)(2)(i) ("Transferability is most probable and meaningful among jobs in which . . . "[t]he same or a lesser degree of skill is required."); S.S.R. 82-41, 1982 WL 31389, *5 ("people are not expected to do more complex jobs than they have actually performed").[14] For all these reasons, the ALJ's findings

---

[13] Social Security Rulings constitute the Social Security Administration's interpretations of the statute it administers and of its own regulations, Chavez, 103 F.3d at 851; Quang Van Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989), and, once published, are binding upon ALJs and the Commissioner. Holohan v. Massanari, 246 F.3d 1195, 1202-03 n.1 (9th Cir. 2001); Gatliff v. Comm'r of the Soc. Sec. Admin., 172 F.3d 690, 692 n.2 (9th Cir. 1999).

[14] "The DOT is not the sole source of admissible information concerning jobs"; however, the DOT raises a rebuttable presumption as to a job classification. Johnson, 60 F.3d at 1435; Saulsberry v. Chater, 959 F. Supp. 1247, 1252 (C.D. Cal. 1997). "In order for an ALJ to accept vocational expert testimony that contradicts the Dictionary of Occupational Titles, the record must contain 'persuasive evidence to support the deviation.'" Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). Here, the vocational expert's testimony that plaintiff's past relevant work has an SVP of 4 contradicts the DOT's classification that has an SVP of 3. Since neither the ALJ nor the vocational expert explained the reasons for departing from the DOT classification, no evidence supports this deviation, and the Court concludes plaintiff's past relevant work is properly characterized as having an SVP of 3.

that plaintiff has transferable skills and is able to perform the semi-skilled work of order clerk is not supported by substantial evidence. <u>Vertigan</u>, 260 F.3d at 1052; <u>Dikeman</u>, 245 F.3d at 1187-88.

B.   Unskilled Work:

The vocational expert also testified plaintiff could perform sedentary and unskilled work, such as "simple cashiers, ticket takers, [and] counter clerks, which . . . are very simple and routine[,]" A.R. 698, and based on this testimony, the ALJ found plaintiff could perform "unskilled jobs including cashier, ticket taker, and counter clerk" that exist "in significant numbers in the economy." A.R. 288. However, the Dictionary of Occupational Titles classifies each of the foregoing unskilled jobs as *light* work, rather than sedentary work, and light work which is beyond plaintiff's RFC. See <u>Dictionary of Occupational Titles</u> at 183 (cashier II, DOT no. 211.462-010 is light work),[15] 217 (counter clerk, DOT no. 249.366-010), and 253 (ticket taker, DOT no. 344.667-010). Yet, as neither the ALJ nor the vocational expert provided any reason for deviating from the DOT, there is no substantial evidence to support the ALJ's conclusion that plaintiff has the RFC to perform other work in the national economy. <u>Light</u>, 119 F.3d at 793; <u>Saulsberry</u>, 959 F. Supp. at 1252.[16]

---

<u>Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 793 (9th Cir. 1997); <u>Saulsberry</u>, 959 F. Supp. at 1252.

[15] Although there are other cashier-type jobs that are considered sedentary, such as cashier I (DOT no. 211.362-010), gambling cashier (211.462-022), and check cashier (DOT no. 211.462-026), these jobs are not unskilled. <u>Dictionary of Occupational Titles</u> at 183.

[16] Having reached this conclusion, it is unnecessary to reach plaintiff's other contentions, including her challenge to

## III

This Court has discretion to award disability benefits to a plaintiff when there is no need to remand the case for additional factual findings. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002); Holohan, 246 F.3d at 1210. "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); McCartey, 298 F.3d at 1076-77.

Here, an award of benefits is appropriate because the Commissioner has not met her Step Five burden of rebutting plaintiff's prima facie showing of disability and proving there are other jobs in the national economy that plaintiff can perform. Penny v. Sullivan, 2 F.3d 953, 959 (9th Cir. 1993); Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985). Moreover, and just as importantly, "a remand for benefits is indicated particularly where a claimant has already experienced lengthy, burdensome litigation." Vertigan, 260 F.3d at 1053. Plaintiff applied for disability benefits over seven years ago, and despite several administrative hearings and a previous court remand, her application claim still has not been correctly adjudicated. Under these circumstances, it would be unconscionable to again remand the case to the Commissioner. Vertigan, 260 F.3d at 1053; see also Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (remanding for award of benefits where "[t]he disability determination has already taken ten years[,] . . . the record is unlikely to change

---

the vocational expert qualifications and bold assertion that the vocational expert "perjured" himself.

[and] . . . the delay in this case has been caused by deficiencies that are not attributable to any error of the claimant").

## ORDER

IT IS ORDERED that: (1) plaintiff's request for relief is granted and defendant's request for relief is denied; and (2) consistent with this opinion, the Commissioner shall award benefits to the plaintiff under Title II of the Social Security Act, 42 U.S.C. § 423, and Judgment shall be entered accordingly.

DATE: July 18, 2005

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R\04-0208.MDO
7/18/05